Requestor: John L. Rizzo, Esq., Genesee County Attorney Genesee County Building No. 1 Batavia, N Y 14020
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that several inquiries have been made to the Genesee County Judge, in his capacity as pistol permit administrator, in relation to the operation of a for-profit indoor shooting range in conjunction with a firearms dealership. A corporate dealership license has been issued and all corporate officers have obtained individual licenses to possess firearms.
The possession of a firearm is a crime unless the individual is licensed or if possession falls within a specific statutory exception. See, Penal Law § 265.20. Section 400.00(2) of the Penal Law lists the types of licenses which may be issued. The categories include gunsmith and dealer licenses (§ 400.00[2]); premises licenses which include a license to have and possess a pistol or a revolver by a householder in his dwelling or by a merchant or storekeeper in his place of business (§ 400.00[2][a] and [b]); employment licenses which are issued to persons to have and carry concealed while employed in enumerated occupations or holding specified public offices (§ 400.00[2][c], [d] and [e]); carry licenses issued upon a showing of proper cause without regard to employment or place of possession (§ 400.00[2][f]); and antique firearms licenses to have, possess, collect and carry antique pistols (§ 400.00[2][g]). The determination whether to issue a firearms license is completely within the discretion of the licensing officer. See, Matter of Fromson v Nelson, 178 A.D.2d 479 (2d Dept 1991);Matter of Moore v Gallup, 267 App. Div. 64 (3d Dept 1943), affd,293 N.Y. 846 (1944). A firearms license is not a property right. Possession and use of a pistol is not a vested right but a privilege which can be granted by firearms licensing officers in their discretion.Matter of Moore, supra, at p 68. A license covers a specific firearm identified by serial number and firearms can only be added and deleted by an amendment of the license. Penal Law § 400.00(7), (9).
You have raised four specific questions, all of which deal with possession and use of a firearm, not licensed to that person, at a firing range. Narrow exceptions to unlawful possession and use of a firearm have been established. Id., § 265.20(a)(7-a), (7-b). An exception is established for a person duly licensed to possess a firearm, with regard to a firearm licensed to another person who is present at the time, for purposes of possession and use of that firearm
 "at an indoor or outdoor pistol range located in or on premises owned or occupied by a duly incorporated organization organized for conservation purposes or to foster proficiency in small arms or at a target pistol shooting competition under the auspices of or approved by the national rifle association for the purpose of loading and firing the same".
Id., § 265.20(a)(7-a). An exception is also created for possession under the above-quoted circumstances by a person who has applied for a license to possess a firearm and who has obtained approval for pre-license possession under this exception (provided such person has not previously been denied a license, been previously convicted of a felony or serious offense and does not appear to be or pose a threat to himself or others), but possession is limited to a pistol or revolver duly licensed to and under the supervision, guidance and instruction of a person specified in paragraph 7 of section 265.20 (includes a parent, guardian, qualified instructor). Id., §§ 265.20(a)(7-b), 400.00(3)(b). Such possession and use must be within the jurisdiction of the licensing officer where the person has made application.
You have asked whether it is permissible:
(1) for the dealership to lend a handgun to a licensee, preliminary to purchase, for testing at the firing range; (2) for the dealership to lease weapons to licensees for target practice at the firing range; (3) for a non-licensed individual to rent a handgun from the dealership for practice at the firing range, with or without the supervision of a certified firearms' instructor; and (4) for a non-licensed individual to use a handgun, owned by a related licensed permit holder, for target practice at the firing range under the direct supervision of the owner.
It is clear that possession and use of a firearm not licensed to that person or by a non-licensed person must fall within the narrow exceptions established by Penal Law § 265.20(a)(7-a), (7-b). Under both exceptions, possession and use must be at an indoor or an outdoor pistol range located on a premises owned or occupied by a duly incorporated organization formed for conservation purposes, to foster proficiency in small arms or at a target shooting competition under the auspices of or approved by the National Rifle Association. It is not clear from your submission whether the subject shooting range falls within any of these three categories. The licensing officer must make this determination.
In any event, however, the lending or leasing of firearms by the dealership to licensees (scenario in questions [1] and [2]) does not meet other conditions set forth in paragraph 7-a. The exception applies to possession of a firearm licensed to another person who is present at the time. It clearly refers to presence of an individual with a personal license to possess the firearm, not someone with a gunsmith or dealer license.
As to possession under the scenarios described in questions (3) and (4), the exception to unlawful possession established by paragraph 7-b applies only to non-licensed individuals who have received pre-licensing approval in accordance with the Penal Law. Furthermore, this exception only covers possession of a firearm licensed to and under the supervision of specified persons. The licensing officer must determine whether these conditions are met.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.